IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jody Lynn Ward, ) | C/A No. 0:11-cv-03277-RBH |
| ) | |
| Petitioner, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Warden of Leiber Correctional Institution, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff, *pro se*, instituted this action pursuant to 28 U.S.C. § 2254 on December 1, 2011. He is incarcerated in the SCDC at Lieber Correctional Institution.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett, for pretrial handling. The matter is before this Court on the Report and Recommendation of Magistrate Judge Gossett, which was issued on February 15, 2013. After analyzing the issues presented in this case, the Magistrate Judge recommended that this Court grant the respondent's motion for summary judgment. Magistrate Judge Gossett also filed an order on February 15, 2013 denying the petitioner's motions to supplement and expand the record. The petitioner filed objections to the Report and the Order on March 1, 2013.

In conducting its review of the Report and Recommendation, the Court applies the following standard:

> The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the

1

recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

This Court reviews the Magistrate's Order regarding Petitioner's nondispositive motions to determine if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law. . . or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Determinations of factual issues by state courts are presumed correct and "the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Petitioner first generally objects to the Magistrate Judge's findings regarding Ground One, trial court's failure to suppress Petitioner's statement. The Court has reviewed the analysis of the Magistrate Judge on this ground and finds it to be correct. In addition to the arguments addressed by the Magistrate, Petitioner states in his objections that he is a mental health patient and was on medication on the day that he was taken from his cell and made the statement. However, he does not allege that he was in any way incompetent to make a statement. The Court agrees with the analysis of this ground by the Magistrate Judge.

Petitioner also contends that the Magistrate erroneously denied his motions to expand the record and for evidentiary hearing. The Court has reviewed the Magistrate's Order and finds that it is not clearly erroneous or contrary to law.

Petitioner's arguments regarding alleged ineffective assistance of counsel lack merit for the reasons stated by the Magistrate Judge.

The Court has reviewed the Petition, Report and Recommendation and Order by the Magistrate Judge, the applicable law, and the petitioner's objections. On the basis of the authorities cited by the Magistrate Judge and this Court's review of the record, the Court overrules the objections and adopts the Report of the Magistrate Judge. The respondents' [23] motion for summary judgment is granted.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right" and thus denies a certificate of appealability.

**IT IS SO ORDERED.**

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

March 20, 2013
Florence, South Carolina